UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CASLEY VASS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLUE DIAMOND GROWERS,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 14-cv-13610-IT<br>*<br>*<br>*<br>* |

ORDER

March 31, 2016

TALWANI, D.J.

Casley Vass ("Vass" or "Plaintiff"), individually and on behalf of all others similarly situated, alleges that Blue Diamond Growers ("Blue Diamond" or "Defendant"), a producer of almond products, violated state and federal laws by misrepresenting its almond milk products as "all natural." Am. Compl. [#7] ¶ 28.[1] Vass avers that Blue Diamond deceived its customers into believing that Blue Diamond's almond milk products were natural, when in fact they contained artificial ingredients and synthetic additives. Am. Compl. at 1. Vass asserts that based on these misrepresentations, he and the members of the proposed Class paid an unwarranted premium for Defendant's products. Am. Compl. ¶¶ 11, 99-101, 107-108, 134, 136.

Blue Diamond moved to dismiss the complaint on the grounds of preemption, lack of standing, and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Def.'s Mot. Dismiss [#23]. The Motion to Dismiss was referred to a magistrate judge for a report and

---

[1] Plaintiff voluntarily dismissed all claims relating to Defendant's use of the phrase "Evaporated Cane Juice." Mem. Law Opp'n Mot. Dismiss [#28] at 3 n.1.

recommendation. In that report, the magistrate judge recommended that the Motion to Dismiss be allowed with respect to the fraud allegations in Count I, Count II, and Count VI, and otherwise denied. The magistrate judge also recommended that Plaintiff be granted leave to amend the complaint to plead the allegations under Mass. Gen. Laws ch. 93A in Count I with the particularity required under Federal Rule of Civil Procedure 9(b). R. & R. [#48] at 30.

Blue Diamond objected in part to the Report and Recommendation. Def.'s Partial Obj. R. & R. [#49]. Blue Diamond argues that "merely having purchased and overpaid for the product will not suffice to state the requisite injury" under Mass. Gen. Laws ch. 93A and that Count I of Vass's complaint therefore fails to state a claim. Id. at 3. After de novo consideration of the issue raised in Blue Diamond's objection, the court adopts the magistrate judge's Report and Recommendation in full.

I. Plaintiff pleaded the requisite injury for a Chapter 93A claim.

To prevail on a Chapter 93A claim, Vass must show that a deceptive act or practice by the defendant caused an injury or loss suffered by him. Casavant v. Norwegian Cruise Line Ltd., 952 N.E.2d 908, 912 (Mass. 2011) ("If any person invades a consumer's legally protected interests, and if that invasion causes the consumer a loss – whether that loss be economic or noneconomic – the consumer is entitled to redress under our consumer protection statute.") (quoting Hershenow v. Enterprise Rent-A-Car Co. of Bos., Inc., 840 N.E.2d 526, 535 (2006)); Bellerman v. Fitchburg Gas & Elec. Light Co., 18 N.E.3d 1050, 1060 n.10 (Mass. 2014) ("Where a defendant's unfair or deceptive conduct causes customers to receive a product or service worth less than the one for which the customers paid, the customers may pursue a class action under G.L. ch. 93A to recover the amount by which they overpaid.").

Defendant argues that the First Circuit's decision in Rule v. Fort Dodge Animal Health,

Inc., 607 F.3d 250, 255 (1st Cir. 2010) requires further that a Plaintiff's Chapter 93A claim allege economic loss beyond having purchased the product.  Def.'s Partial Obj. to R. & R. at 3. Defendant contends that "where a plaintiff does not claim to suffer any physical injury or property damage as a result of the product, and no longer claims to possess the product, merely having purchased and overpaid for the product will not suffice to state the requisite injury." Id.

In Rule, the First Circuit held that the plaintiff had failed to allege an injury under Chapter 93A because she had already received the full benefit from the product that she purchased.  Liu v. Amerco, 677 F.3d 489, 495 (1st Cir. 2012) ("We concluded [in Rule] that no economic damage had been inflicted on the plaintiff under chapter 93A since the plaintiff had gotten the protection sought and had suffered no detriment from the concealed latent defect."). The product, a heartworm drug that was to be administered once every six months, was recalled for safety concerns after the plaintiff had administered it to her dog.  Rule, 607 F.3d at 251.  The First Circuit explained that the "law suit was brought *after* her purchases and use of the drug and she now knows that she got both the protection and convenience she sought *and* that the risk did not manifest itself in injury to her or her dog." Id. at 253 (emphasis in original).  In other words, she received the benefit of the bargain as the pet remained heartworm free for the expected period and was unharmed by the drug.

Here, by contrast, Plaintiff claims not to have received the benefit of the bargain.  As alleged, Plaintiff paid for a product that was "all natural" as regulated by Massachusetts, when it did not meet those requirements and instead contained artificial and synthetic ingredients.  Am. Compl. ¶¶ 24, 29, 33, 61-72; 105 Mass. Code Regs. § 520.116(A)(2) ("'Natural Food' means food which in its processing has not been treated with preservative, antibiotics, synthetic additives, artificial flavoring, artificial coloring, or has been processed in a such a manner so that

3

it becomes significantly less nutritive."). While the plaintiff in Rule received heartworm protection for the six month period of time that she sought, here, Plaintiff did not receive the "all natural" product under Massachusetts standards. See Iannacchino v. Ford Motor Co., 888 N.E.2d 879, 886-88 (Mass. 2008) (to state a claim for injury based on overpayment complaint must identify a legally required standard that the product was represented as meeting).

Where, as here, a complaint alleges that a plaintiff did not receive the benefit of the bargain after purchasing a product that misrepresented compliance with a specific regulation, the pleading requirements under Chapter 93A are met. See Iannacchino, 888 N.E.2d at 888 ("[T]he complaint must identify a legally required standard that the [product] was at least implicitly represented as meeting, but allegedly did not."); see id. at 886 ("purchase price paid by the plaintiffs for their [product] would entitle them to receive [products] that complied with those safety standards.").

Defendant argues that the First Circuit requires that Plaintiff still possess the product in order for overpayment to create a form of recoverable injury. Def.'s Partial Obj. R. & R. at 3. As Defendant notes, other courts in this district have examined whether the holding in Rule requires current possession of the product. Id. (citing Bezdek v. Vibram USA Inc., No. 12-10513-DPW, 2013 WL 639145, at *1 (D. Mass. Feb. 20, 2013) (a case involving barefoot running shoes), and Martin v. Mead Johnson Nutrition Co., No. 09-11609-NMG, 2010 WL 3928707, at * 1 (D. Mass. Sept. 30, 2010) (a case involving infant formula)). As the Bezdek court noted, the Martin court "held that a conscious choice to pay more for a product because of a specifically advertised feature constitutes an injury," and that "[t]his scenario does seem to present a legitimate distinction from Rule, where the consumer only bargained for heartworm-prevention and received that benefit." Bezdek, 2013 WL 639145, at *6 n.9. The Bezdek court

4

questioned, however, that "if that is the governing theory, it not clear why <u>Iannachino</u> relied upon current ownership, given that the buyers undoubtedly meant to bargain for—and indeed were entitled to—a safety-compliant vehicle." <u>Id.</u> The <u>Iannachino</u> court did point out that the plaintiffs continued to own the allegedly noncompliant vehicles, and that as a result, the plaintiffs would have overpaid for the vehicle, and moreover, that the overpayment would be measurable by the cost to bring the vehicles into compliance. <u>Iannacchino</u>, 888 N.E.2d at 886-87. The critical issue, however, was that the purchase price entitled the plaintiffs to a product that met that government safety standards. Thus the Supreme Judicial Court did not state that current ownership was a *required element* for such a claim, and certainly made no such requirement for perishable products. The Supreme Judicial Court did require, however, that the standard that a product allegedly fails to meet must be one legally required by and enforced by the government, for "[w]hen the standard that a product allegedly fails to meet is not one legally required by and enforced by the government, a claim of economic injury based on overpayment lacks the premise that the purchase price entitled the plaintiffs to a product that met that standard." <u>Id.</u> at 888.

Here, while it remains Plaintiff's burden to prove causation and injury, <u>see</u> <u>Hershenow</u>, 840 N.E.2d at 533 ("plaintiff seeking a remedy under G.L. ch. 93A, § 9 must demonstrate that even a per se deception caused a loss"), Plaintiff has alleged sufficient facts to state a claim under 93A by alleging overpayment for products advertised as "all natural" that allegedly fail to meet government standards for such products.

II. <u>Conclusion</u>

For the foregoing reasons, I ADOPT the magistrate judge's <u>Report and Recommendation</u> [#48]. Defendant's <u>Motion to Dismiss</u> [#23] is DENIED AS MOOT with respect to the "evaporated cane juice" claims, ALLOWED with respect to the fraud allegations in Count I,

Count II and Count VI, and otherwise, DENIED. If Plaintiff wishes to file a motion for leave to amend, he shall do so within fourteen days.

     IT IS SO ORDERED.

Date: March 31, 2016                                        /s/ Indira Talwani
                                                                       United States District Judge